Emmett PROUDFOOT,
Plaintiff-Appellant,

v.

SEAFARER'S INTERNATIONAL UN-
ION, et al., Defendants-Appellees.

No. 84-7727
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 16, 1986.

W.A. Kimbrough, Jr., Mobile, Ala., for plaintiff-appellant.

J. Randall Crane, Mobile, Ala., for Seafarer's Intern. Union.

Willis C. Darby, Jr., Mobile, Ala., for Crowley Towing & Trans. Co.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

## ON SUA SPONTE RECONSIDERATION
GODBOLD, Chief Judge:

In Part III of our opinion[1] we held that Proudfoot's cause of action against his employer, Crowley, accrued when Crowley dismissed Proudfoot on January 17, 1983, and, since Proudfoot's complaint was not filed until April 16, 1984, the cause of action against Crowley was barred by the six-month period allowed in which to sue.

On reconsideration we conclude this holding was incorrect. The Supreme Court in *DelCostello v. International Brotherhood,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) held that the six-month statute of limitations prescribed by § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to hybrid suits under § 301 alleging that the employer has breached the collective bargaining agreement and that the union has breached its duty of fair representation. The Court in *DelCostello* did not decide when the six-month period begins to run. But the Court acknowledged that a § 301 hybrid suit actually involves two separate actions: one against the employer under § 301 for breach of the collective bargaining agreement and one against the union for breach of its implied duty of fair representation. 462 U.S. at 164, 103 S.Ct. at 2290. Although these causes of action are distinct, they are interdependent. To prevail on his claim against the employer, the employee must prove not only that the employer breached the collective bargaining agreement but also that the union violated its duty of fair representation. *Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *DelCostello,* 462 U.S. at 165, 103 S.Ct. at 2291. To prevail against the union, in addition to proving that the union did not discharge the duty it owed him the employee must also show that the employer's actions violated the collective bargaining agreement. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976); *DelCostello,* 462 U.S. at 165, 103 S.Ct. at 2291. Thus the separate causes of action accrue simultaneously.

The general rule is that § 10(b)'s six-month limitation period starts running when the plaintiff was or should have been aware of the acts constituting the alleged violation. *Howard v. Lockheed-Georgia Co.,* 742 F.2d 612, 614 (11th Cir.1984). Applying this principle to hybrid § 301 suits, the timeliness of the suit must be measured from the date on which the employee knew or should have known of the union's final action or the date on which the employee knew or should have known of the employer's final action, whichever occurs later. In this case, because Proudfoot was discharged before the union initiated its grievance proceeding, the timeliness of his suit depends on the date on which the union took final action. By final action we mean the point where the grievance procedure was exhausted or otherwise broke down to the employee's disadvantage.

The facts set out in Part II of our opinion require us to hold that it was error to enter summary judgment in favor of Crowley.

Part III of our opinion is VACATED and the foregoing is substituted therefor. The last paragraph of our opinion giving directions to the district court is VACATED and in lieu thereof we hold that the judgment of the district court is REVERSED.

---

1. 767 F.2d 1538 (11th Cir.1985).