**Marlene PAPAVARITIS, Plaintiff,**

v.

**COMMUNICATION WORKERS OF AMERICA, AFL–CIO; Local 3107, Communications Workers of America and Bellsouth Advertising & Publishing Corporation, Defendants.**

No. 91–0288–CIV.

United States District Court, S.D. Florida.

Aug. 30, 1991.

William G. Bell, Miami, Fla., for plaintiff.

Gerard C. Boyle, Boyle, Tyburski & Toll, Washington, D.C., for defendants.

## ORDER GRANTING DEFENDANT BELLSOUTH ADVERTISING & PUBLISHING CORPORATION'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, Chief Judge.

This cause is before the Court upon defendant BellSouth Advertising & Publishing Corporation's ("BAPCO") motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. BAPCO contends that it is entitled to judgment as a matter of law because there has been no breach of the duty of fair representation by the unions involved in this matter. As such, BAPCO argues that plaintiff Marlene Papavaritis, an employee of the company, cannot maintain an action against it for an alleged breach of the collective bargaining agreement. Plaintiff filed a response in opposition to this motion and BAPCO filed a reply.

## I.  FACTS

The instant action arises out of an alleged breach of a collective bargaining agreement. In 1989, plaintiff Marlene Papavaritis, employed by defendant BAPCO, applied for a promotion from Directory Clerk to Directory Customer Service Representative. Although plaintiff apparently possessed the requisite qualifications, she was not selected for the position. Plaintiff alleges that junior employees with the same or lesser qualifications were promoted, in breach of a collective bargaining agreement provision mandating that "seniority shall govern if other necessary qualifications of the individuals are substantially equal." (Compl. at para. 8). After plaintiff was bypassed, defendant Communications Workers of America, Local 3107, ("Local 3107"), as agent for the certified bargaining representative, defendant Communication Workers of America ("CWA"), held informal meetings on plaintiff's grievance, and verbally attempted to file a formal grievance with BAPCO. BAPCO rejected the grievance, invoking a provision in the collective bargaining agreement requiring that such grievances be submitted in writing. BAPCO then rejected the Local's subsequent written grievance, filed on March 27, 1990, as untimely under the labor contract. Local 3107 argued that it had become customary practice to make informal, verbal complaints, and that the Company had not given notice that it was going to insist on strict adherence with the contract requirements. After hearing that the grievance was time-barred, the union defendants took further action only after BAPCO, by letter dated May 2, 1991, agreed to process the formal grievance in spite of the bar. Union representatives

then sought relief for plaintiff in the form of a promotion and back pay, as well as plaintiff's attorney's fees. Plaintiff insists that she never asked her union to seek attorney's fees, and argues in this motion that the union's demand for them will diminish her chances for settlement.

Plaintiff contends that Local 3107's failure to file a timely formal grievance, the Union defendants' subsequent failure to grieve or litigate until BAPCO's waiver of the time bar, and the Union's demand on BAPCO to recover her attorney's fees, separately and together amount to a breach of the bargaining representative's duty of fair representation.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as matter of law." Summary judgment is mandated against a party who, after adequate time for discovery and upon motion, fails to make a showing sufficient to establish the existence of an element essential to the party's case, and upon which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, it is the Court's obligation to review the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A ruling on summary judgment should be guided by the substantive evidentiary standard of proof that would apply at trial on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Trustees of Plumbers Local No. 519 Health & Welfare Trust Fund v. Garcia*, 677 F.Supp. 1554, 1556 (S.D.Fla.1988). However, summary judgment is an extreme remedy which should not be granted unless the moving party has established the right to judgment beyond controversy.

## III. DISCUSSION

■ Plaintiff alleges both a breach of the duty of fair representation by the union defendants, and a breach of the labor contract by the employer, BAPCO. In such a hybrid action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the two claims are interdependent. To prevail against her employer, "the employee must prove not only that the employer breached the collective bargaining agreement but also that the union violated its duty of fair representation." *Proudfoot v. Seafarer's Int'l, Inc.*, 779 F.2d 1558, 1559 (11th Cir.1986) (citing *DelCostello v. Int'l Brotherhood*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983)). Accordingly, because plaintiff here has failed to show a breach of the union's duty, her suit against the employer for breach of the labor contract cannot stand.

■ In order to prove a breach of the union's duty of fair representation, plaintiff must show that the union's actions were either "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). In construing the first prong of the tripartite *Vaca* standard, the Supreme Court recently held that a union's actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Assoc., Int'l v. O'Neill*, —— U.S. ——, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991) (citation omitted).

■ In the instant case, viewing the facts in the light most favorable to the plaintiff, the union failed to file a grievance properly with BAPCO, and that failure caused the grievance to lapse. In addition,

the union refused to press the grievance to higher levels or litigate, despite plaintiff's requests for action. But such error and inaction, without more, do not rise to the level of "arbitrary," nor are they sufficient to support a claim of discrimination or bad faith by the union.

The union's reliance on "customary" procedure in filing the grievance verbally rather than in writing as required by the labor contract was error, and may have been negligent. However, the Supreme Court recently found that "mere negligence, *even in the enforcement of a collective-bargaining agreement*, would not state a claim for breach of the duty of fair representation." *United Steelworkers of America v. Rawson*, 495 U.S. 362, 110 S.Ct. 1904, 1911, 109 L.Ed.2d 362 (1990) (emphasis added). Union negligence in following a routine procedure not strictly sanctioned by the labor contract is not generally actionable, even though, as here, the error may have caused a grievance to lapse. *See, e.g., Riley v. Letter Carriers Local*, 668 F.2d 224 (3d Cir.1981) (union's reliance on employer's past practice of holding disciplinary process in abeyance while criminal charges were pending held not arbitrary or reckless, even though result was that employee was discharged without union having taken any action on grievance); *Ruzicka v. General Motors Corp.*, 649 F.2d 1207 (6th Cir.1981), *cert. denied*, 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983) (union's reliance on employer's past practice of granting liberal extensions of time for filing grievances held not to be arbitrary or reckless, even though employer here refused an extension and employee's grievance became time-barred).

■ Similarly, the union's failure to take further action on the grievance does not amount to a breach of a duty of fair representation. Plaintiff suggests myriad courses of action that the union could have taken to challenge BAPCO's alleged breach of the labor contract, ranging from filing a separate grievance to protest the time bar to bringing an unfair labor practice charge with the National Labor Relations Board.

However, the union's duty does not create an absolute right of the employee to have her claim taken through every step of the grievance procedure, nor even to have the claim brought at all. *Seymour v. Olin Corp.*, 666 F.2d 202, 208 (5th Cir.1982) (noting that "[t]he failure of union to process an employee's grievance, even if possible to demonstrate that the grievance is meritorious, does not necessarily give rise to a breach of the duty of fair representation"). The test for fair representation is not whether the union took every conceivable action to press a grievance. As the Court noted in *O'Neill, supra*, the union is to be accorded a wide range of discretion in dealing with representation matters, and its action are to be judged under a standard of reasonableness. 111 S.Ct. at 1135–36.

The Court here finds that the union's inaction was not arbitrary. At the very least, the union conducted some investigation into plaintiff's case, and attempted to bring a formal grievance. Moreover, the union re-filed a grievance when BAPCO several months later waived the time bar, a proceeding that it is apparently continuing at present. Plaintiff has produced no evidence that would cast doubt upon the *bona fides* of the union's intentions. The mere fact that union was ineffective or did not zealously prosecute the plaintiff's claim is insufficient, without more, to support a fair representation claim.

■ Finally, plaintiff alleges that during the present grievance proceeding, the union demanded that BAPCO pay plaintiff her legal fees, even though plaintiff herself has made no request for such costs. Plaintiff contends that the union's demand has made it more difficult for her to win her grievance, because the union itself is responsible for the employee's legal fees. (Papavaritis Aff. and Plaintiff's Mem. in Opp. to Summ. Judg.). The union's strategy in prosecuting a grievance, including type of remedial relief sought, is clearly within the ambit of the union's discretion. Under the policies recently reaffirmed by the Supreme Court in *O'Neill*, 111 S.Ct. at 1135–36, this Court will not intercede on behalf of an employee

where a union's rationally founded decisions operate to the employee's disadvantage.[1] A demand on BAPCO for plaintiff's legal fees, even if imprudent in this context, is not arbitrary.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that defendant BAPCO's motion for summary judgment is GRANTED.

DONE and ORDERED.

1. In *O'Neill, supra,* the Supreme Court refused to disturb a deal struck by the union that was worse than the result the union would have obtained by a unilateral termination of its strike against Continental Airlines. Instead, the Court extended its highly deferential standard of review of contract administration, *see Vaca v.* *Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), to contract negotiation. Thus, *O'Neill* clearly underscores the court's obligation to accord discretion to the union in deciding how best to fulfil its duties as unit representative, even if the result works some amount of prejudice on individual union members.