29 F.3d 438
 146 L.R.R.M. (BNA) 2886, 128 Lab.Cas. P 11,134
 Spencer R. EVANS, individually and as Guardian of Margaret
E. Evans, Ward and Spouse, Appellant,
v.
NORTHWEST AIRLINES, INC., a Minnesota corporation;
Northwest Airlines Benefit Plan(s), an employee benefit
plan; International Brotherhood of Teamsters, Chauffeurs,
Warehousemen, and Helpers of America, a union, Appellees.
 No. 93-1693.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 14, 1994.
Decided July 13, 1994.
Rehearing Denied Aug. 15, 1994.
 
 James M. Williams, Minneapolis, MN, argued, for appellant.
 Kevin J. Johnson, St. Paul, MN, argued (Stephen Gordon and Paul Iverson of Minneapolis, MN, on the brief), for appellee.
 Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Spencer R. Evans appeals from a final judgment entered in the District Court[1] for the District of Minnesota dismissing his hybrid[2] Sec. 301 claims against Northwest Airlines, Inc., and Northwest Airlines Benefit Plans (Northwest) and the International Brotherhood of Teamsters (Union) pursuant to Fed.R.Civ.P. 12(b)(1), because the Railroad Labor Act, 45 U.S.C.A. Sec. 153 (West 1986) (RLA), preempts his claims. For reversal, Evans argues the district court erred in (1) dismissing his contract[3] claims against Northwest for lack of subject matter jurisdiction, citing Childs v. Pennsylvania Federation Brotherhood of Maintenance of Way Employees, 831 F.2d 429 (3d Cir.1987) (Childs ) and (2) dismissing his breach of the duty of fair representation claim against the Union as time-barred. Evans v. Northwest Airlines, Inc., No. 4-92-CV-750, 1993 WL 23589 (D.Minn. Jan. 29, 1993) (order). For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Evans is a retired Northwest flight attendant and a member of Teamsters Local 2747.[4] Evans's wife Margaret was hospitalized in January 1986 for the treatment of paranoid schizophrenia. Margaret was later transferred to an intermediate health care facility. Evans sought coverage for her treatment pursuant to the Revised 1984 Medical Plan and the Revised Medical Plan of 1988. These plans are maintained in accordance with two collective bargaining agreements between Northwest and the Union. The Plans provided no coverage for an intermediate health care facility, and Evans was denied coverage.
 
 
 3
 Evans asked a Union representative how he should challenge the denial of coverage. Evans alleged he was erroneously advised by the Union representative to hire his own counsel and pursue the denial of insurance benefits in state court. In October 1987 Evans filed a complaint in the Hennepin County District Court against Northwest. The state trial court held that the dispute over medical coverage was a "minor" dispute preempted by the RLA and dismissed for lack of subject matter jurisdiction.
 
 
 4
 Evans appealed to the Minnesota Court of Appeals, which affirmed the ruling of the state trial court. The Minnesota Supreme Court denied review and the United States Supreme Court denied Evans's petition for writ of certiorari in March 1992.
 
 
 5
 In March 1992 Evans, for the first time, requested the Union to file a grievance on his behalf. In addition, in August 1992, Evans filed suit in the district court claiming breach of the duty of fair representation by the Union and breach of contract by Northwest. The Union was reluctant to pursue the grievance because Evans had not been entitled to the coverage sought, but later agreed to present the grievance on Evans's behalf and did so on September 25, 1992. In February 1993 the System Board of Adjustment found that Evans's claim was untimely and, in the alternative, meritless.[5] In the meantime, in January 1993, the district court dismissed Evans's breach of contract claims against Northwest for lack of subject matter jurisdiction as a "minor dispute"[6] within the meaning of the RLA. Evans appeals the district court's dismissal, claiming subject matter jurisdiction pursuant to the Childs exception to arbitration by the board. The district court also dismissed Evans's claim against the Union as time-barred.
 
 1. Subject Matter Jurisdiction
 
 6
 The district court dismissed Evans's dispute over medical expenses for lack of subject matter jurisdiction. The district court held that disputes concerning medical expenses are considered "minor" and are therefore preempted by the RLA. Slip op. at 5. The RLA was created by Congress to more effectively settle "minor" grievances between employee and employer through arbitration by a board of adjustment. "Minor" disputes "involve the application of a valid agreement to a specific grievance." Childs, 831 F.2d at 437. Evans's dispute over the interpretation of an existing medical plan is considered "minor," therefore giving exclusive jurisdiction to the airline's Board of Adjustments. See Elgin, Joliet & Eastern Ry. v. Burley, 325 U.S. 711, 722-25, 65 S.Ct. 1282, 1289-90, 89 L.Ed. 1886 (1945) (articulating the traditional distinction between "major" and "minor" disputes in accordance with the RLA); Calvert v. Trans World Airlines, Inc., 959 F.2d 698, 699 (8th Cir.1992); de la Rosa Sanchez v. Eastern Airlines, Inc., 574 F.2d 29, 31-32 (1st Cir.1978). On appeal, Evans argues that the district court erroneously dismissed his claims for lack of subject matter jurisdiction. Evans argues that his claims against Northwest and the Union fall within the special exception to arbitration by the board pursuant to Childs. In Childs, the employee sought reinstatement of seniority rights against the employer. The union presented the employee's grievance to the Board, although the Board later vitiated his remedy by agreeing with the employer to close the file to new evidence, in exchange for a two-month extension. Consequently, the employee's determinative evidence was precluded from submission. Due to the union's actions, the employee was left without remedy or genuine relief. The Third Circuit recognized a narrow exception in those rare cases in which a union's breach of its duty of fair representation causes the employee to lose the right to bring a grievance before the system board of adjustment, thus precluding the employee from obtaining effective relief. 831 F.2d at 437. Evans argues that he was precluded from filing a grievance when a Union representative erroneously advised him that he must pursue his claim for medical insurance benefits on his own, and that he should retain counsel to do so.
 
 
 7
 We agree with the district court that Evans's claim does not fall within the Childs exception. Evans was put on notice of the RLA's exclusive jurisdiction after he lost his first suit in the Hennepin County Court. Although Evans may have received erroneous advice from the local Union representative, he was not prevented from filing a formal grievance. See NLRB v. American Postal Workers Union, 618 F.2d 1249, 1255 (8th Cir.1980) ("Mere negligence, poor judgment or ineptitude are insufficient to establish a breach of the duty of fair representation."). The Childs case is distinguishable from the present case because in Childs the union inappropriately bargained away the employee's right to a fair and full settlement. In sharp contrast, Evans took his claims to state trial court rather than filing a grievance with the Union. We hold Evans does not meet the narrow Childs exception to the Board's exclusive jurisdiction, because Evans was not precluded by the Union from obtaining meaningful relief before the Board.
 
 2. Statute of Limitations
 
 8
 The district court ruled that Evans's claim of breach of the duty of fair representation against the Union was time-barred by the six-month statute of limitations. See Lea v. Republic Airlines, Inc., 903 F.2d 624, 633 (9th Cir.1990); Rydzeski v. Burlington Northern, 708 F.Supp. 1057, 1061 (D.Minn.1989). A cause of action for breach of a union's duty of fair representation accrues when a party should reasonably have known of the union's alleged breach. See, e.g., Aarsvold v. Greyhound Lines, Inc., 724 F.2d 72, 73 (8th Cir.1983), cert. denied, 467 U.S. 1253, 104 S.Ct. 3538, 82 L.Ed.2d 842 (1984). The district court found that Evans's cause of action accrued in March 1990 when he was put on notice of the six-month statute of limitations when the employer moved to dismiss his claims for lack of subject matter jurisdiction. Slip op. at 7. We agree; Evans should have realized at that time, in March 1990, that the Union representative's advice was incorrect. Nonetheless, Evans did not file his federal complaint until August 1992, more than two years later.
 
 
 9
 We conclude the district court properly dismissed Evans's breach of contract claims against Northwest for lack of subject matter jurisdiction and the breach of the duty of fair representation claim against the Union as time-barred.
 
 
 10
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota
 
 
 [2]
 The claims brought by Evans are typical of a hybrid suit, in which there must be both a breach of contract by the employer, and a breach of the duty of fair representation by the union. See Vaca v. Sipes, 386 U.S. 171, 187, 87 S.Ct. 903, 915, 17 L.Ed.2d 842 (1967)
 
 
 [3]
 The district court's opinion described Evans's claim against Northwest as a claim for breach of the duty of fair representation. We note, however, that the claim is one for a breach of the collective bargaining agreement. For this reason, we have substituted breach of contract for breach of the duty of fair representation with respect to Northwest, although acknowledge that the reasoning remains the same
 
 
 [4]
 Evans brought his breach of the duty of fair representation claim against International Brotherhood of Teamsters, not against Local 2747. The Union, in its brief, notes that the International is not a proper party to a breach of the duty of fair representation claim because the International is not a signatory to the collective bargaining agreement between Northwest and Local 2747, and the International does not "represent" Evans. Local 2747 is the exclusive bargaining representative for its members, and Evans alleges only a breach of the duty of fair representation against officers and employees of Local 2747
 
 
 [5]
 The Board found that the 1984 and 1988 collective bargaining agreements were properly interpreted, and that Evans was not entitled to a refund of medical expenses for past or future medical care at an intermediate health care facility
 
 
 [6]
 Disputes concerning the interpretation of the collective bargaining agreement are considered "minor" under the RLA. The RLA "commands that the parties attempt to settle all 'minor disputes,' first through their grievance procedure and if that fails by compulsory arbitration" before the Board of Adjustment. Itasca Lodge 2029 v. Railway Express Agency, Inc., 391 F.2d 657, 662 (8th Cir.1968)