Sebastian C. SIMMONS, Appellant,

v.

**HOWARD UNIVERSITY and Metropolitan Special Police Officers Federation, Appellees.**

No. 97–7207.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 10, 1998.

Decided Oct. 2, 1998.

---

David W. Brown argued the cause and filed the briefs for appellant.

Anita Barondes argued the cause for appellees. With her on the brief were Michael F. Kleine and Mose Lewis, III.

Before: GINSBURG, SENTELLE, and ROGERS, Circuit Judges.

D.H. GINSBURG, Circuit Judge:

Plaintiff Sebastian Simmons sued his former employer and the union that represented him when he was employed by that employer, both under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). According to Simmons, the employer wrongfully fired him and the union failed adequately to represent him in his effort to get his job back. The district court granted summary judgment for both defendants, and Simmons now appeals. We affirm because Simmons' claim is untimely as a matter of law.

### I. Background

Simmons was employed by Howard University as a Special Police Officer from 1989 until October, 1995, when he was fired for "unprofessional conduct." As a member of the Metropolitan Special Police Officers Federation, Simmons asked Gregory Burroughs, the Union's Business Representative, to prosecute a wrongful termination grievance on his behalf. Burroughs tried to do so but was repeatedly stymied by the Union's Vice President. As a result, the Union took no action on Simmons' complaint within the time

limit for initiating the grievance process established by the applicable collective bargaining agreement.

Burroughs, who believed that the grievance procedure could be re-opened, continued to press Simmons' grievance with both Union and management officials. Burroughs also kept Simmons abreast of his actions.

Simmons did not, however, rely exclusively upon the possibility that Burroughs would persuade the Union to relent. In January, 1996 he asked a lawyer to file suit on his behalf. The lawyer apparently agreed but, for reasons that are not in the record, failed to follow through. On March 20, 1996 Simmons himself filed an unfair labor practice charge with the National Labor Relations Board alleging that the Union had "refus[ed] to provide fair representation to him" in connection with his termination. In April, 1996, however, allegedly after being told by an NLRB agent that the agency does not seek monetary damages, Simmons withdrew the charge.

Meanwhile, Burroughs' attempts to persuade the Union to take up Simmons' grievance continued until October, 1996, when he was succeeded as Business Representative by Vincent Westmoreland. Westmoreland, too, promised Simmons that he would try to re-open the grievance, but after one such attempt gave up the cause. Simmons filed this action on December 31, 1996.

Both defendants moved for summary judgment on the ground that Simmons' complaint was time-barred. The district court granted defendants' motion, and for the following reasons, we affirm.

## II. Analysis

■ Simmons brings what the Supreme Court has referred to as a "hybrid § 301/fair representation claim," so named because the plaintiff simultaneously charges the employer with breach of the collective bargaining agreement and the union with a breach of its statutory duty of fair representation. *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Such claims are subject to the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), *see* 462 U.S. at 155, 103

S.Ct. 2281, which begins to run when "the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Vadino v. A. Valey Eng'rs,* 903 F.2d 253, 260 (3rd Cir.1990) (quoting *Metz v. Tootsie Roll Indus.,* 715 F.2d 299, 304 (7th Cir.1983)); *see also Cohen v. Flushing Hosp. and Med. Ctr.,* 68 F.3d 64, 67 (2d Cir.1995); *Adams v. The Budd Co.,* 846 F.2d 428, 431 (7th Cir.1988); *Proudfoot v. Seafarer's Int'l Union,* 779 F.2d 1558, 1559 (11th Cir.1986).

■ As Simmons points out, application of this standard often leads to fact-intensive disputes not amenable to resolution through summary judgment. Not so in this case, however. An unbroken string of precedent supports the proposition that when a plaintiff accuses his union of a breach of the duty of fair representation in a charge filed with the NLRB, he has by then, as a matter of law, "discovered" the grounds for his hybrid § 301 claim. *See Washington v. Service Employees Int'l Union, Local 50,* 130 F.3d 825, 826 (8th Cir.1997) (hybrid § 301 claim accrued when plaintiff filed NLRB charge); *Livingstone v. Schnuck Mkt., Inc.,* 950 F.2d 579, 583 (8th Cir.1991) (same); *Adams,* 846 F.2d at 431 (same); *Arriaga–Zayas v. International Ladies' Garment Workers' Union,* 835 F.2d 11, 13 (1st Cir.1987) (claim accrued when plaintiffs filed "informative motion" with Puerto Rico Labor Relations Board detailing union's alleged failure adequately to represent them); *Gustafson v. Cornelius Co.,* 724 F.2d 75, 79 (8th Cir.1983) (claim accrued when plaintiff filed NLRB charge); *see also Cohen,* 68 F.3d at 67 (claim accrued when plaintiff wrote letter to Anti–Defamation League complaining of union's failure to represent him).

■ Simmons contends that the "discovery" rule is inapplicable to his claim in view of his reliance upon the efforts of Burroughs and Westmoreland, the Business Representatives, to re-open his grievance. Because a rational juror could find Simmons reasonably believed that they would ultimately succeed, he suggests, such a juror could also find that he was unaware of the acts constituting the Union's alleged breach. The latter proposition, however, does not follow from the former. Burroughs' and Westmoreland's repre-

sentations did not render Simmons unaware of the factual basis of his claim; neither, therefore, did they prevent its accrual. *See Cohen*, 68 F.3d at 68 (any hope plaintiff had that union would change its position is immaterial for statute of limitations purposes once plaintiff has articulated the grounds for his § 301 claim); *Arriaga–Zayas*, 835 F.2d at 15 (arbitration between union and employer did not prevent plaintiffs' hybrid § 301 claim from accruing when it was unclear whether union's representation of plaintiffs in arbitration proceeding would be adequate). Moreover, even if there was some possibility after June 30, 1996 (six months before Simmons filed this suit) the Union would reopen his grievance—indeed, even if there is still such a possibility—that would not mean that the Union had not already breached its duty of fair representation; reopening Simmons' grievance after the deadlines provided in the collective bargaining agreement had passed might have remedied, but it could not prevent, the Union's breach.

▮ Simmons' argument can be recast in terms not of when his claim accrued but of whether the statute of limitations was tolled by his reliance upon the representations of Burroughs and Westmoreland. The statute of limitations for a hybrid § 301 claim may be tolled when the plaintiff is fraudulently induced to delay filing his suit, *see Demchik v. General Motors Corp.*, 821 F.2d 102, 105 (2d Cir.1987) or in good faith attempts to exhaust grievance procedures, *see Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 421–22 (10th Cir.1990). Neither ground is available to Simmons, however. He does not claim that any officer of the Union misled him in any way. Nor was his delay in filing suit occasioned by the need to exhaust the grievance procedure, as to which he had done all he could when he asked Burroughs to pursue his grievance. Thus, as Simmons testified at his deposition, he went to his first attorney "to file a lawsuit," not to help him pursue his grievance. Indeed, Simmons was at a loss to explain why the attorney did not file a suit. Therefore, while Simmons may have believed that Union action was still possible in the Fall of 1996, it was not because he had yet to exhaust the grievance procedure; hence the statute of limitations was not tolled.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is

*Affirmed.*