**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLEN LEE,
<u>Plaintiff-Appellant,</u>

v.

No. 98-2345

CONSOLIDATION COAL COMPANY;
UNITED MINE WORKERS  OF AMERICA,
DISTRICT 31,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Robert Earl Maxwell, Senior District Judge.
(CA-98-51-1)

Submitted: January 29, 1999

Decided: April 27, 1999

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brent E. Beveridge, BEVERIDGE LAW OFFICES, Fairmont, West
Virginia, for Appellant. Robert M. Steptoe, Jr., Vanessa L. Goddard,
STEPTOE & JOHNSON, Clarksburg, West Virginia; Robert M.
Vukas, CONSOL, INC., Pittsburgh, Pennsylvania; Charles F. Don-
nelly, Molly A. Kettler, DONNELLY, CARBONE & KETTLER,
Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen Lee appeals from a district court order granting summary judgment to Consolidation Coal Company ("employer") and the United Mine Workers of America, District 31 ("Union"), in a hybrid breach of contract/breach of the duty of fair representation action. Lee began working for employer at one of its West Virginia coal mines in 1974, but was laid off in 1983. Although employer recalled its laid off employees to its Robinson Run Mine in April 1990, it did not recall Lee. In late July or early August 1996, Lee learned from a Union representative that he should have been recalled to the Robinson Run Mine in 1990. Lee then asked the Union to assert his rights to immediate employment at the Robinson Run Mine, as well as back pay dating to April 1990.

In September 1996, a Union representative informed Lee that the Union and employer had entered into an agreement granting Lee seniority at the Robinson Run Mine dating back to April 15, 1990, but waiving his claim for back pay. In late September, Lee received the written version of the agreement and immediately contacted the Union to express his displeasure with its waiver of his back pay claim. He requested that the Union file a grievance to assert his right to back pay, but the union responded that it would not rescind the agreement or file a grievance, and told Lee that "a deal was a deal."

Lee then obtained an attorney, who wrote the Union and demanded that it pursue a grievance on Lee's behalf. On December 11, 1996, Lee filed a grievance with the concurrence of a member of the local mine committee. On September 19, 1997, the Union and employer settled the grievance, agreeing, as in September 1996, to grant Lee seniority rights but no back pay. Lee then filed this action in West Virginia Circuit Court on December 19, 1997, and employer and the Union filed motions to remove to federal court in April 1998. The dis-

2

trict court granted summary judgment to both Defendants on the ground that this action was barred by the applicable statute of limitations.

"Hybrid" suits brought against employers for alleged breaches of a collective bargaining agreement and against unions for breach of the duty of fair representation are governed by the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 165 (1983). The question of when a federal cause of action "accrues" and the related question of whether it is "tolled" by subsequent conduct or events are federal questions determined by federal law. The general rule is that a cause of action accrues when the plaintiff knows or should know that a violation of his rights has occurred. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). In hybrid suits, courts have stated that the claim arises when the plaintiff could first successfully maintain a suit based on that cause of action, see Santos v. District Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 619 F.2d 963, 968-69 (2d Cir. 1980), or when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. See Metz v. Tootsie Roll Indus., Inc., 715 F.2d 299, 304 (7th Cir. 1983).

Lee's complaint alleged that employer breached the collective bargaining agreement when it failed to recall him to the Robinson Run Mine in 1990, and that the Union breached its duty of fair representation when it entered into a settlement that failed to protect his rights. There is no dispute that Lee was aware of the employer's action, and of the Union's first settlement with employer, in September 1996. Lee contends, however, that his cause of action against the Union did not accrue until he learned of the September 1997 settlement, because prior to that time he could not have successfully pursued the action. Lee argues that before September 1997, the Union had acceded to his demands, and the grievance procedure was still pending. An employee must exhaust grievance procedures provided by the applicable collective bargaining agreement prior to filing suit. Clayton v. UAW, 451 U.S. 679, 689 (1981).

In this case, however, the applicable collective bargaining agreement provides that grievances must be brought within ten days of the

3

date the aggrieved party becomes aware of the grievance, and that settlements reached at any step of the grievance procedure are final and binding. The district court correctly found that under the law Lee was charged with knowledge of the terms of the collective bargaining agreement, including the applicable time limits for pursuing a grievance. See Hardesty v. Essex Group, Inc., 550 F. Supp. 752, 760 (D. Ind. 1982). Hence, we agree with the district court's conclusion that Lee should have known after the first settlement that further pursuit of this matter through internal procedures was futile. If his requests for seniority and back pay constituted a "grievance" under the governing contract, then the first settlement was final. If his demands did not constitute a grievance, then he failed to file a grievance within the applicable ten-day period.

Moreover, even a reasonable belief that the Union could have properly continued to pursue the matter would not have prevented Lee's cause of action from accruing. Lee claims that the Union's unauthorized settlement of his dispute without acquiring his right to back pay breached the Union's duty of fair representation. Such action occurred in September 1996. Any subsequent action by the Union on Lee's behalf might have remedied this alleged breach, but it could not prevent a breach that had already occurred. Nor could it render Lee unaware of the breach. See Simmons v. Howard Univ., 157 F.3d 914, 916-17 (D.C. Cir. 1998).

Further, the record discloses that it was not the entity being sued in this case -- Union District 31 -- that endorsed Lee's December grievance, but a member of the local union mine committee. The actions of a local union are not automatically imputed to a district union, particularly if the local union's action was contrary to the provisions of the governing collective bargaining agreement. See Carbon Fuel Co. v. United Mine Workers of Am., 444 U.S. 212 (1979). Lee provides no authority for holding that the local committee's actions should be imputed to the district union in this case. Hence, his claim that the union acceded to his demands by concurring in the December 1996 grievance is unsupported. We therefore conclude that Lee's cause of action accrued around late September 1996, because he could have successfully maintained an action at that time.

Lee further argues, however, that the Union should not be permitted to rely on the statute of limitations in this case under principles

4

of equitable tolling or equitable estoppel. Equitable tolling applies where the defendant wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action. English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline. Id. Because Lee does not even allege any kind of deliberate deceitful conduct on the part of the Defendants, we find these equitable doctrines inapplicable to this case.

Lee finally contends that the district court abused its discretion by denying his request for a discovery continuance under Federal Rule of Civil Procedure 56(f). A party moving for continuance of discovery must make the request prior to the district court's ruling on the summary judgment motion, and demonstrate how the requested discovery pertains to the pending motion. United States v. Bloom, 112 F.3d 200, 205 n.17 (5th Cir. 1997). In this case, Lee did not make a Rule 56(f) request until oral argument on the Defendants' summary judgment motion. Moreover, the basis for the motion was limited to the professed need to investigate the authority of local union committee members to act as agents of larger union entities. Only after the district court's summary judgment ruling did counsel provide additional reasons for granting a continuance.

The issues surrounding the authority of the local union, however, were more legal than fact based. Accordingly, further discovery would likely have shed little if any light on the subject. The other bases asserted for Lee's motion were untimely presented, and in any event primarily raised issues of law or contractual interpretation rather than factual issues. Lee also failed to explain in his motion how further discovery would assist the resolution of these issues. We therefore find that the district court did not abuse its discretion by denying Lee's Rule 56(f) motion.

The order of the district court granting summary judgment is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED