[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/23/99
THOMAS  K. KAHN
CLERK

_____

No. 99-10601
Non-Argument Calendar

_____

D.C. Docket No. 98-02951-CV-PT-NE


SHIRLEY ADAMS,

Plaintiff-Appellant,

versus

UNITED PAPERWORKERS
INTERNATIONAL UNION A.F.L.- C.I.O., et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 23, 1999)


Before BIRCH and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit
Judge.


PER CURIAM:

This court must decide the narrow issue of whether the six month statute of limitations for filing a hybrid § 301 complaint under a collective bargaining agreement began running on the date the district court entered summary judgment against an employee in an action brought against her employer or on the date that the summary judgment was affirmed by the appellate court. We affirm the district court's decision.

The parties do not dispute that the six-month statute of limitations contained in section 10(b) of the National Labor Relations Act (NLRA) governs this action alleging that the union has undermined the grievance and arbitration process by violating its duty to fairly represent the employee. See DelCostello v. Teamsters, 462 U.S. 151, 161-65, 103 S. Ct. 2281, 2289-91 (1983). Therefore, we must determine when the cause of action accrued for the purposes of applying the six month statute of limitations.

We held in Proudfoot v. Seafarer's International Union, 779 F.2d 1158, 1559 (11th Cir. 1986) that the timeliness of a § 301 suit is measured from the date the plaintiff knew or should have known of the Union's final action or the employer's final action, whichever is later. "By final action we mean the point at which the grievance procedure was exhausted or otherwise broke down to the employee's disadvantage." Id.; Howard v. Lockheed-Georgia Co., 742 F.2d 612 (11th Cir. 1984) (statute of limitations begins to run when appellant actually knew grievance had been

denied even though written notice followed later); Samples v. Ryder Truck Lines, Inc., 755 F.2d 881 (11th Cir. 1985) (action accrued when union ran out of time to assert underlying claim).

A strict rule prohibiting the tolling of the statute of limitations during the pendency of an appeal was twice proposed and rejected by this circuit. Hester v. International Union of Operating Engineers, 818 F.2d 1537, 1548-1556 (11th Cir. 1987) (Tjoflat, J., dissenting), vacated, 488 U.S. 1025, 109 S. Ct. 831 (1989), aff'd in part, rev'd in part on other grounds on remand, 878 F.2d 1309 (11th Cir. 1989) (Tjoflat, J., dissenting), enforced, 742 F. Supp. 1522 (N.D. Ala. 1990), aff'd in part, rev'd in part on other grounds, 941 F.2d 1574 (11th Cir. 1991). In Hester we applied the Proudfoot rationale and remanded to the district court to determine when the employee knew or should have known of the Union's final action. 878 F.2d 1309, 1310 (11th Cir. 1989) (noting and again rejecting the dissenting view that the statute of limitations began to run on the date judgment was entered by the lower tribunal). Therefore, we must examine when the statute of limitations began to run.

In the present case the district court accepted the United States Magistrate's report and recommendation that the plaintiff knew or should have known that the union had failed to properly pursue her grievance causing her to forfeit her claim against her employer on the date that the district court dismissed the initial action. We

find the similar facts and reasoning of the Eighth Circuit's decision in <u>Evans v.</u> <u>Northwest Airlines, Inc.</u>, 29 F.3d 438 (8th Cir. 1994) persuasive.

In <u>Evans</u> the Eighth Circuit expressly rejected the appellant's argument that the statute of limitations ran from a date after the plaintiff exhausted his appeal against the company because he was or should have been aware that the union provided him with improper assistance at the time that the employer filed a motion to dismiss. In <u>Evans</u>, the employee asked his union representative how to challenge a denial of health insurance coverage provided under a collective bargaining agreement. <u>Id.</u> at 440. Relying on his union representative's advice, Evans filed a complaint in state court against his employer. His employer moved to dismiss the action in March of 1990 and the state trial court granted the motion and dismissed the action motion later that same year. All appellate courts, including the United States Supreme Court, affirmed the ruling of the state trial court. The final appeal was denied in March 1992. In August 1992, Evans filed suit in federal district court against his Union claiming breach of the duty of fair representation. The district court dismissed the suit after concluding that the six month statute of limitations began running in 1990 and had expired.

The Eighth Circuit affirmed the district court's decision to dismiss the action against the Union as untimely. The court agreed with the district court's finding that Evans' cause of action accrued in March 1990 because Evans was put on notice for the

purposes of the six-month statute of limitations when the employer moved to dismiss his claims for lack of subject matter jurisdiction. The court stated, "Evans should have realized at that time, in March 1990, that the Union representative's advice was incorrect. Nonetheless, Evans did not file his federal complaint until August 1992, more than two years later." Id. at 441.

In the present case, the district court accepted the magistrate's findings that Adams knew or should have known that her union provided her with improper guidance at the time summary judgment was granted. We conclude under the facts and circumstances of this case that the district court did not err in finding that the statute of limitations began to run on the date the district court entered summary judgment against Adams in March of 1997. Because Adams failed to file this action against her Union until September 2, 1998 her claim is barred by the six month statute of limitations. AFFIRMED.