[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 9, 2007
THOMAS K. KAHN
CLERK

No. 06-16527
Non-Argument Calendar

_____

D. C. Docket No. 06-14005-CV-JEM

ROY PETRELLA,

Plaintiff-Appellant,

versus

COMMUNICATIONS WORKERS OF
AMERICA AFL-CIO  LOCAL 3107,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Roy Petrella appeals the summary judgment against his complaint that the

Communications Workers of America breached its duty of fair representation when it declined to pursue the arbitration of Petrella's discharge grievance against BellSouth. See 29 U.S.C. § 185. Because Petrella's action was time-barred by the six-month statute of limitations, we affirm.

We review a summary judgment de novo, applying the same legal standard used by the district court. Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 483 F.3d 1265, 1268 (11th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A limitations period of six months applies to Petrella's complaint. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169–172, 103 S. Ct. 2281, 2293–94 (1983). The timeliness of the complaint is "measured from the date on which the employee knew or should have known of the union's final action." Proudfoot v. Seafarer's Int'l Union, 779 F.2d 1558, 1559 (11th Cir. 1986). "Final action" is defined as "the point where the grievance procedure was exhausted or otherwise broke down to the employee's disadvantage." Id.

Petrella knew or should have known that the grievance procedure had broken down to his disadvantage more than six months before he commenced his action against CWA in January 2006. In a letter dated December 9, 2003, a

2

representative of CWA informed Petrella that the union had processed his grievance, believed that there was "very little chance to win in arbitration," and would close the grievance if no internal appeal was pursued. After his appeals to the vice-president and president of CWA were denied, Petrella abandoned the internal appeal process. When Petrella's last appeal to CWA was rejected on April 15, 2004, and he failed to appeal the decision, Petrella knew or should have known that the grievance procedure had been exhausted or otherwise broken down to his disadvantage. Because Petrella's complaint was filed more than six months later, the district court correctly concluded that the complaint was time-barred.

The summary judgment against Petrella's complaint is

**AFFIRMED.**

3