# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 21-7050                                  September Term, 2021

1:19-cv-02925-RDM

**Filed On:** March 9, 2022

Dale Judd,

      Appellant

    v.

Service Employees International Union Local
32BJ and Melwood Horticultural Training
Center, Inc.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Henderson, Tatel, and Pillard, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia, on the briefs filed by the parties, and the supplement
thereto. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the
foregoing, the motion to appoint counsel, and the motion for leave to file a joint
supplemental appendix, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases,
appellants are not entitled to appointment of counsel when they have not demonstrated
sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for leave to file a joint supplemental
appendix be granted. See D.C. Cir. Rule 30(e). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's April 14, 2021, order be affirmed.  The district court held that appellant raised a hybrid § 301/fair representation claim against appellees and that such claim was untimely under the applicable statute of limitations.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983) (six-month statute of limitations applies to hybrid § 301/duty of fair representation claims).  Appellant does not challenge the district court's interpretation of his claim or contend that a different statute of limitation applies and has therefore forfeited these arguments.  Although appellant continues to assert that he timely filed charges with the National Labor Relations Board ("NLRB") and that those charges were mishandled, "when a plaintiff accuses his union of a breach of the duty of fair representation in a charge filed with the NLRB, he has by then, as a matter of law, 'discovered' the grounds for his hybrid § 301 claim."  Simmons v. Howard Univ., 157 F.3d 914, 916 (D.C. Cir. 1998).  Thus, the district court correctly determined that appellant's hybrid claim accrued no later than November 2, 2017.  To the extent appellant suggests that the NLRB or his mistaken understanding of the law prevented him from filing suit earlier, appellant does not identify any fraudulent inducement to delay, see id., and a "litigant's own misunderstanding of the law or tactical mistakes in litigation" does not support the application of equitable tolling, Menominee Indian Tribe of Wisc. v. United States, 764 F.3d 51, 58 (D.C. Cir. 2014).

The district court also correctly determined that appellant could not challenge a decision by NLRB's General Counsel not to issue an administrative complaint based on appellant's charges and correctly denied as futile leave to amend the complaint to bring any claims against the NLRB.  Appellant contends that NLRB's alleged mishandling of his charges justifies judicial review, but "the General Counsel has final authority regarding the filing, investigation, and prosecution of unfair labor practice complaints." NLRB v. United Food & Com. Workers Union, Local 23, 484 U.S. 112, 124 (1987) (internal quotation marks omitted); see 29 U.S.C. § 153(d).  And, insofar as the proposed amended complaint could be liberally construed to challenge some NLRB action other than the General Counsel's prosecutorial decision, the district court correctly determined amendment would be futile because petitions for review of final orders of the Board may be filed only in the courts of appeal, see 29 U.S.C. § 160(f), and no final order exists that could support jurisdiction here.

Finally, appellant does not challenge the district court's dismissal of his discrimination claims as untimely or his tort claims for failure to state a claim.  Thus, these claims are forfeit as well.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-7050**                              **September Term, 2021**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**