Coleman WASHINGTON,
Plaintiff-Appellee,

v.

Wiley F. KIRKSEY, Individually and as Superintendent of the Greene County Board of Education; Robert Hines, Carol Zippert, Clarence E. Outland, Luther Winn, Jr., Queen E. Crawford, Individually and as Members of the Greene County Board of Education; and the Greene County Board of Education, Defendants-Appellants.

No. 86–7033.

United States Court of Appeals,
Eleventh Circuit.

March 2, 1987.

Chestnut, Sanders, Sanders, Turner & Williams, Carlos A. Williams, Birmingham, Ala., for defendants-appellants.

Raymond E. Ward, Ray, Oliver, Ward & Parsons, Tuscaloosa, Ala., for plaintiff-appellee.

Before HILL and HATCHETT, Circuit Judges, and THOMAS,* Senior District Judge.

HILL, Circuit Judge:

Coleman Washington, a former teacher and JROTC instructor at Eutaw High School in Greene County, Alabama, brought this action under 42 U.S.C. § 1983, contending that he was dismissed from his tenured position without due process of law. The United States District Court for the Northern District of Alabama held in favor of Washington against all defendants. We affirm the district court's decision with regard to Wiley Kirksey, superintendent of the Greene County Board of Education. Judgment with regard to the remaining defendants, all of whom were members of the Greene County Board of Education, is reversed.

On or about August 30, 1983, Washington and a fellow JROTC instructor engaged in a fist fight on school property. Superintendent Kirksey initiated an investigation and notified the Army of the incident. The Army investigator initially recommended that both instructors be reprimanded by the Army. As a result of Kirksey's independent investigation, Washington was suspended and the School Board notified Washington of its intent to cancel his contract. Washington was noti-

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

fied of his right to a hearing and the date such a hearing would be held. At this hearing, an agreement was reached between Washington and the School Board; Washington was to receive a written reprimand and ninety day suspension without pay rather than being dismissed. This settlement was subsequently put in writing. Minutes of the School Board meeting reflect that Kirksey participated in this settlement. Under Alabama law, Kirksey, as superintendent, is required to enforce agreements of the School Board.

Subsequent to Washington's settlement, the Board met to determine the fate of the other officer, Taylor Belton, involved in the altercation. Belton, however, refused to settle with the School Board and declined to accept a ninety day suspension. The Board resolved to retain Belton without imposing disciplinary sanctions. Rather than allow Belton to go unpunished, Kirksey wrote the Army requesting that Washington and Belton be decertified from the JROTC program. The Army proceeded to deauthorize Washington, but not Belton.

Prior to the Army's action, Washington was only authorized to teach JROTC. He did not possess a state teaching certificate in any other subject as required by Ala. Code § 16–23–1 (1977). With the Army's action, Washington was no longer authorized to teach JROTC. Kirksey, therefore, made his second recommendation to the School Board that Washington's contract be terminated; this time on the basis that Washington was no longer authorized to teach JROTC. The Board voted to terminate Washington's contract. Washington contends that his termination constituted a deprivation of property without due process of law.

## I. Jurisdiction

■ Defendants' first contention is that the district court lacked subject matter jurisdiction. It is alleged that Washington's claim is based solely on the breach of the settlement; such a claim being a state action for breach of contract, appellant contends no federal question exists.

Washington's claim, however, is that he was denied due process of law because the hearing which he was afforded was vitiated by the state's action. In essence, Washington argues that this hearing was but a farce, and he was therefore denied due process of law. Defendants' arguments go to the merits of Washington's claim and not its jurisdiction basis. When a claim is based upon a constitutional provision, federal subject matter jurisdiction has been established provided the alleged claim is not wholly frivolous. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *see also* C. Wright, The Law of Federal Courts § 18, at 102 (4th ed.1983) ("[F]ederal jurisdiction exists if the complaint states a case arising under federal law, even though on the merits the party may have no federal right."). The district court properly asserted jurisdiction over the present claim.

## II. Denial of Due Process Based Upon Breach of Settlement Agreement

■ It is uncontested that Washington was a tenured school teacher and held a property interest in his job. *See Smith v. Alabama State Tenure Comm'n,* 430 So.2d 877 (Ala.Civ.App.1982). Under Alabama law, Washington could not be dismissed except for just cause. Ala.Code § 16–24–2, –8 (1977). Having established a property interest in his continued employment, Washington could not be dismissed without notice and hearing. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

### A. Defendant Kirksey

Kirksey asserts that Washington was afforded all the process which he was due. Kirksey points to the fact that Washington was given notice of an opportunity to be heard on two occasions. We agree with the district court that Kirksey "abrogated the valid product of a due process hearing, thereby nullifying the due process originally afforded through that hearing." Memorandum Opinion at 11.

In *Galvon v. Press*, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954), the United States Supreme Court characterized fair play as the essence of due process. Kirksey's conduct drained the hearing afforded of any element of fairness. When state officials enter into a settlement agreement by which a state employee relinquishes his right to a hearing required by the due process clause of the fourteenth amendment, due process is violated when the state totally breaches the settlement agreement. In such a case, the employee has bargained away his right to be heard in exchange for the assurance that the state will recognize his property interest as defined by the settlement. Here the plaintiff was deprived of a meaningful hearing because of his reliance upon the state's agreement to fulfill its portion of the agreement. At no time did the plaintiff have the opportunity to present to the Board his version of what happened. At the first hearing, he was deprived of this opportunity because he mistakenly believed that the settlement agreement would be honored by the state. At the second hearing, events put into motion by superintendent Kirksey rendered moot the issue of the degree of Washington's culpability in the altercation. It is the opportunity to be heard which is protected by the fourteenth amendment. Due process of law does not allow the state to deprive an individual of property where the state has gone through the mechanics of providing a hearing, but the hearing is totally devoid of a meaningful opportunity to be heard. In essence, Washington was bargained out of his right to a hearing. When this agreement was sabotaged by Kirksey, the hearing which was afforded to Washington effectively became a charade.

The evidence shows, and the district court so found, that Defendant Kirksey participated in the settlement agreement. Kirksey recognized that he had a duty to enforce the agreement. He intentionally wrote the ROTC to assure that Washington was penalized for his acts. This conduct was in breach of the settlement agreement. Ample evidence supports the district court's finding that Kirksey, acting under color of law, violated Washington's constitutional rights.

## B. Remaining Defendants

The district court found the remaining defendants, members of the Greene County School Board, liable based upon their subsequent ratification of Kirksey's conduct: "The Board made this violation of due process its own when it ratified Kirksey's action by firing plaintiff based on the result achieved by [Kirksey's letter to the ROTC]." Memorandum Opinion at 6. We reverse the district court on this issue.

The School Board's conduct did not constitute a ratification of Kirksey's conduct. Ratification requires an intentional undertaking by an entity to adopt the conduct of another as its own. Such an intentional undertaking cannot be found here. Washington was only certified to teach JROTC. Under Alabama law, a teacher is not permitted to teach any subject in which he is not certified. Once the Army revoked Washington's authority to teach JROTC, the School Board was left with three options. First, they could allow Washington to continue to teach JROTC and risk the wrath of the U.S. Army and consequential loss of federal funds. Second, they could allow Washington to teach another subject in violation of Alabama law. Third, they could terminate his contract because he no longer could teach in the Alabama school system. Choosing to pursue the third and only viable option available to the School Board cannot be deemed a ratification of Kirksey's conduct.

## III. Qualified Immunity

Kirksey contends that the district court erred in failing to find that his conduct would be shielded from liability under the doctrine of qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court established an objective test

of qualified immunity: "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). The district court properly held that Kirksey's actions were not protected from liability by qualified immunity.

Kirksey should have been aware that a tenured teacher cannot be terminated without notice and hearing. The evidence shows he was aware of the settlement reached between Washington and the School Board. Kirksey proceeded to revoke Washington's opportunity to be heard by intentionally circumventing the settlement agreement reached. Washington possessed a clearly established constitutional right to a hearing prior to termination. That hearing was clearly vitiated by the direct action of Kirksey.

### IV. Award of Punitive Damages

■ Kirksey contends that his conduct, although perhaps an error in judgment, does not support an award of punitive damages. Punitive damages are appropriate under § 1983 when a defendant's conduct was "motivated by evil motive or intent, or when it involves a reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983). In light of Washington's protected property interest in his tenured position as a teacher, Kirksey's callous refusal to comply with the letter and spirit of the settlement agreement reached justifies an award of punitive damages. *Cf. Barnett v. Housing Authority,* 707 F.2d 1571 (11th Cir.1983). The district court's decision was not clearly erroneous. *See Stallworth v. Shuler,* 777 F.2d 1431 (11th Cir.1985).

AFFIRMED in part and REVERSED in part.