Edward C. HESTER, Plaintiff-Appellant,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, et al., Defendants-Appellees.

No. 85–7699.

United States Court of Appeals, Eleventh Circuit.

Oct. 20, 1987.

---

C.V. Stelzenmuller, Birmingham, Ala., for plaintiff-appellant.

James T. Langford, Atlanta, Ga., for International Union of Operating Engineers.

Donald R. Rhea, Rhea, Boyd & Rhea, Gadsden, Ala., for International Union—Local 320.

Thomas N. Crawford, Jr., Birmingham, Ala., for International Union—Local 660.

Before TJOFLAT and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

On Petition Of International Union Of Operating Engineers For Rehearing By The Panel

**PER CURIAM:**

We have reexamined the conclusion in our previous panel opinion that "the district court had subject matter jurisdiction over all of Hester's federal claims," 818 F.2d 1537, 1543 (11th Cir.1987). We now offer the following clarification of this statement.

Hester's complaint alleged that his international union, as his exclusive bargaining representative, breached its duty of fair representation by upholding the fine imposed by Local 660 despite the veterans' preference provisions incorporated into the collective bargaining agreement. Hester asserted that the federal district court had jurisdiction under section 3 of the TVA Act, 16 U.S.C. § 831b, which allegedly implies a duty of fair representation actionable in federal court. The district court held that Hester's duty of fair representation claim did not state a cause of action because no binding authority recognized a cause of action for TVA employees against their unions for breach of the unions' duty of fair representation.[1]

The holding in our prior opinion that the district court had subject matter jurisdiction over all of Hester's federal claims does not, of course, resolve the question of whether Hester has a cause of action against the IUOE (International Union of Operating Engineers) for breach of its duty of fair representation. As the Supreme Court explained in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):

[W]here the complaint, as here, is so drawn as to seek recovery directly under

---

1. The district court held that:
 Whether TVA employees have an implied cause of action against their unions arising either from LMRDA or the TVA Act is an open question in the Eleventh Circuit, but this court is unwilling to anticipate that the Eleventh Crcuit [sic] would recognize such a federal cause of action. Although the Sixth Circuit in *Bowman v. TVA*, [744 F.2d 1207 (6th Cir.1984)], held: unions representing TVA employees are subject to an implied duty of fair representation this decision is not binding on this court.

the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit....

Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.... Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.... The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

See also *Washington v. Kirksey*, 811 F.2d 561 (11th Cir.1987), *petition for cert. filed,* 55 U.S.L.W. 3872 (June 30, 1987); *Fountain v. Metropolitan Atlanta Rapid Transit Auth.,* 678 F.2d 1038 (11th Cir.1982). Especially in light of the Sixth Circuit's holding in *Bowman v. TVA,* 744 F.2d 1207 (6th Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985), that by implication from section 3 of the TVA Act, TVA employees have a cause of action against their unions for breach of duty of fair representation, Hester's federal claim was not frivolous and there is no basis for concluding that the claim was made solely for the purpose of obtaining federal court jurisdiction. Our previous opinion concluded, therefore, that the district court had jurisdiction over Hester's duty of fair representation claim against the IUOE.

Our prior opinion did not, however, decide whether Hester's duty of fair representation claim stated a cause of action. We now decide this question with the following discussion to be inserted as part II.C. of our prior opinion. 818 F.2d at 1543.

### C.

As stated above, the collective bargaining agreement between the IUOE and the TVA contains a provision giving veterans preference in hiring over non-veterans, and disabled veterans preference over non-disabled veterans. Additionally, IUOE's constitution, to which both Locals 660 and 320 are bound, contains a provision prohibiting a member of one local union from working in the territorial jurisdiction of another local union without the consent of the latter local. Hester has alleged that Local 660 gave its consent to his working in its jurisdiction by virtue of the veterans' preference provision in the collective bargaining agreement with TVA. There is no evidence, however, that Hester made any attempt to comply with the procedures outlined in IUOE's constitution for obtaining the consent of a local to work in its jurisdiction.

■ Hester's duty of fair representation claim in this action alleged that the IUOE breached its duty by upholding the "fine [imposed by Local 660] against plaintiff for exercising a right which it had agreed plaintiff should have, viz., veterans' preference to employment by TVA to positions covered by [the] collective bargaining agreement." Hester alleged that this duty of fair representation arose from section 3 of the TVA Act. 16 U.S.C. § 831b. The district court concluded that Hester's duty of fair representation claim fails to state a cause of action because section 3 of the TVA Act does not imply a cause of action for a union's breach of duty of fair representation. We hold, however, that this claim fails to state a cause of action because the claim does not allege conduct by IUOE that was arbitrary, discriminatory, or in bad faith. We do not reach, therefore, the question of whether section 3 of the TVA Act implies a cause of action for breach of a union's duty of fair representation.

■ The statutory duty of fair representation was developed by the Supreme Court in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining agents under the Railway Labor Act, 45 U.S.C. § 151 *et seq. See*

*Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Tunstall v. Brotherhood of Locomotive Firemen*, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944). *Ford Motor Co. v. Huffman*, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953) extended the doctrine to cover unions certified under the National Labor Relations Act (N.L.R.A.), 29 U.S.C. §§ 141–187. In return for the privilege of serving as exclusive bargaining agent, the union "is under a duty to represent fairly all the employees within the appropriate bargaining unit with respect to matters arising out of the collective bargaining agreement with the company." *Seymour v. Olin Corp.*, 666 F.2d 202 (11th Cir.1982). This obligation requires the exclusive bargaining agent to serve the interests of all members "without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The duty of fair representation applies not only to the negotiation of the collective bargaining agreement, but also to the enforcement of that contract throughout its term. *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir.1979).[2]

 Most duty of fair representation claims arise in the context of what are known as "hybrid" suits. Hybrid suits involve claims by an employee against both the employer and the union. For example, a discharged employee might sue his former employer for firing him without just cause in violation of the collective bargaining agreement and sue his union for breaching its duty of fair representation under the N.L.R.A. by arbitrarily and in bad faith refusing to take his case to arbitration. *See, e.g., Cox, id.* at 140. An employee may, however, have a claim against the union for breach of duty of fair representation without a corresponding claim against the employer. As long as the claim against the union is sufficiently related to the collective bargaining process, it need not be brought as part of a "hybrid" claim. In *Alexander v. International Union of Operating Engineers*, 624 F.2d 1235 (5th Cir.1980), for instance, two union members charged their international and local unions with breaching their duty of fair representation by signing a binding project agreement on behalf of the local, where the local's membership had unanimously declined on two prior occasions to participate in the project and the international's constitution required that a majority of the local's membership approve any such contract. The suit involved no claim against the employer, but only against the unions for their bad faith conduct in committing the local to the collective bargaining agreement. Nevertheless, the court found both the local and the international liable for breach of their duty of fair representation. *See also Lewis v. Local 100 of the Laborers' Int'l Union*, 750 F.2d 1368, 1375–77 (7th Cir.1984); *Edwards v. Sea-Land Service, Inc.*, 678 F.2d 1276, 1282 (5th Cir. 1982), *vacated on other grounds*, 462 U.S. 1127, 103 S.Ct. 3104, 77 L.Ed.2d 1360 (1983).

Accordingly, to state a claim for breach of duty of fair representation, Hester must allege that his union treated him in an arbitrary or discriminatory manner, or in bad faith, and that the union's conduct was related to its position as exclusive negotiating agent for the collective bargaining agreement. This duty on the part of the union, however, does not permit federal court review of all of the union's internal affairs. "Because the [duty of fair representation] is imposed on the union as a result of its position as exclusive bargaining representative, it applies only to union conduct arising from the union's position as representative." *Bass v. International Brotherhood of Boilermakers*, 630 F.2d 1058, 1062 (5th Cir.1980).

In the present action, Hester has not alleged sufficient facts to establish that the IUOE's challenged conduct was arbitrary, discriminatory, or in bad faith. Hester challenges the fine imposed upon him by

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Local 660 and affirmed by the IUOE as violating his right under the collective bargaining agreement to a veteran's preference. The fine, however, was imposed upon Hester for a violation of internal union rules—working in the jurisdiction of a local union without its consent. Hester neither alleged nor produced any evidence to indicate that he attempted to comply with the union procedures for obtaining such consent. Hester has not alleged or shown a facial conflict between the veteran's preference provision and the union's required consent provision; absent any allegation of arbitrary, bad faith, or discriminatory enforcement of the facially valid union rule, we see no inherent conflict between the union's constitution and the collective bargaining agreement.

Accordingly, we affirm on other grounds the district court's dismissal of Hester's breach of duty of fair representation claim for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

Except for the above modifications, the petition for panel rehearing is DENIED.