**Edward C. HESTER,**
**Plaintiff–Appellant,**

v.

**INTERNATIONAL UNION OF**
**OPERATING ENGINEERS, et**
**al., Defendants–Appellees.**

No. 85–7699.

United States Court of Appeals,
Eleventh Circuit.

July 31, 1989.

C.V. Stelzenmuller, Birmingham, Ala., for plaintiff-appellant.

James T. Langford, Atlanta, Ga., for International Union.

Donald R. Rhea, Rhea, Boyd & Rhea, Gadsden, Ala., for International Union–Local 320.

Thomas N. Crawford, Jr., Birmingham, Ala., for International Union–Local 660.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES.

Before TJOFLAT and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

The Supreme Court vacated our prior decision in this case, 818 F.2d 1537, *clarified on petition for rehearing,* 830 F.2d 172 (1987), and remanded the case to us in light of its recent decision in *Reed v. United Transportation Union,* 488 U.S. ——, 109 S.Ct. 621, 102 L.Ed.2d 665 (1988). 488 U.S. ——, 109 S.Ct. 831, 102 L.Ed.2d 963 (1988). The parties have briefed the issue of *Reed*'s impact on our prior decision.

I.

In our prior opinion we concluded that "mixed" labor unions, i.e., labor unions that represent employees working for private employers and also employees working for the federal government or government-owned corporations, are subject to the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 401–503. We unanimously held, therefore, that the district court had subject matter jurisdiction to entertain a suit brought by plaintiff-appellant Edward C. Hester, a member of the International Union of Operating Engineers, against the Union and two of its locals alleging, *inter alia,* that the Union had breached its duty of fair representation and had violated certain safeguards against improper disciplinary actions. On petition for rehearing we further clarified this portion of our opinion and concluded that Hester had not alleged facts sufficient to state a cause of action for breach of duty of fair

representation. *See generally* 818 F.2d at 1538–43 (Parts I and II of our prior opinion) and 830 F.2d at 174–76. The Supreme Court's recent decision in *Reed* does not address any of these issues, thus we reaffirm our prior opinions as to these holdings. Specifically, we reaffirm Parts II.A, B, and C, the last of which we added on petition for rehearing.

In Part III.A of our prior opinion, we followed *Davis v. UAW*, 765 F.2d 1510 (11th Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 1284, 89 L.Ed.2d 592 (1986), an earlier precedent of this circuit, and applied a six-month limitations period to suits brought by a union member against his union pursuant to section 102 of LMRDA. 818 F.2d at 1543–44. In *Reed*, however, the Supreme Court ruled that the proper statute of limitations for claims arising under one provision of the LMRDA "bill of rights" is governed by state general or residual personal injury statutes. *Reed* involved a claim arising under 29 U.S.C. § 411(a)(2), the LMRDA "bill of rights" free speech and assembly provision. Hester's claim arises under 29 U.S.C. § 411(a)(5), the "Safeguards against improper disciplinary action" provision of the "bill of rights." Nevertheless, we find no reason to distinguish between claims brought under these two provisions, thus we follow the rule the Court articulated in *Reed* and apply Alabama's residual personal injury one-year statute of limitations to claims arising before January 9, 1985, such as Hester's. Ala.Code § 6–2–39(a)(5) (repealed 1985).[1] *Cf. Ingram v. Steven Robert Corp.*, 547 F.2d 1260 (5th Cir.1977) (applying this statute of limitations to claims brought under §§ 1981, 1983, & 1985(3); *Dumas v. Mount Vernon*, 612 F.2d 974 (5th Cir.1980) (same).

## II.

Part III.B of our prior opinion next turned to the question of when the applicable statute of limitations began to run. Judge Tjoflat disagreed with us on this point, and reasoned that the statute of limitations began running on October 7, 1983. 818 F.2d 1548–56 (Tjoflat, J., dissenting). Because Hester filed his action in federal court on November 7, 1984, more than one year later, Hester's action would still be time barred under Judge Tjoflat's view. Thus, the application of a one-year statute of limitations does not obviate the need to address this issue. *Reed* sheds no light on this question.

We adhere to our prior view that we should apply the rule of *Proudfoot v. Seafarer's International Union*, 779 F.2d 1558 (11th Cir.1986), *vacating in part* 767 F.2d 1538 (11th Cir.1985), and remand for the district court to determine when Hester knew or should have known of the Union's "final action," i.e. the point where the grievance procedure was exhausted or otherwise broke down. Thus we reaffirm Part III.B of our prior opinion in this regard.

TJOFLAT, Circuit Judge, concurring in part and dissenting in part:

I wrote separately when we initially decided this case because I considered Hester's claim against Local 660 to be time-barred. *See Hester v. International Union*, 818 F.2d 1537, 1548–56 (11th Cir.1987) (Tjoflat, J., dissenting). In my earlier opinion, I detailed my disagreement with the majority's position that the statute of limitations began running on August 6, 1984 rather than on October 7, 1983—the date Hester received notice that Local 660 was proceeding against him in violation of the Labor–Management Reporting and Disclosure Act's bill of rights. *See id.* The Supreme Court's mandate in *Reed v. United Transportation Union*, 488 U.S. ——, 109 S.Ct. 621, 102 L.Ed.2d 665 (1988), that we apply the one-year statute of limitations provided in Alabama's general personal injury statute, Ala.Code § 6–2–39(a)(5) (1975) (repealed in 1985), instead of the six-month statute of limitations that we applied when the case was before us earlier, does not

---

1. For claims arising after the 1985 amendment, Alabama now provides a two-year residual statute of limitations. Ala.Code § 6–2–38(1) (1988 Supp.). This, however, does not apply to Hester's claim.

affect my view because Hester did not bring suit against Local 660 in the district court until November 7, 1984, one month after the one-year statute of limitations had expired. I accordingly reaffirm my earlier view that Hester's claim against Local 660 is time-barred.