*490 BARKETT, Circuit Judge,
specially concurring:
Rather than reversing and remanding for the trial court to dismiss the declaratory claim, I would do so on the same equitable grounds that the majority employs to dismiss the claim for injunctive relief. I would therefore not reach an analysis of the facial validity of the injunction or the appropriateness of resolving that issue with only the parties involved here. The declaration McKusick seeks is a declaration that the City of Melbourne cannot engage in certain conduct, and such a declaration is the equivalent of an injunction. Samuels v. Mackell, 401 U.S. 66, 72-73, 91 S.Ct. 764, 767-68, 27 L.Ed.2d 688 (1971); Hoover v. Wagner, 47 F.3d 845, 849 (7th Cir.1995). Therefore, for the same equitable reasons we dismiss McKusick’s claim for injunctive relief, we should dismiss her claim for declaratory relief. I recognize that the majority remands the declaratory claim back to the district court anticipating that the.district court will dismiss the remaining claim. This course, however, seems unnecessary. We routinely uphold a district court’s dismissal of a case when alternate grounds for dismissal exist. See, e.g., Rozar v. Mullis, 85 F.3d 556, 558 (11th Cir.1996); Hester v. International Union of Operating Engineers, et. al., 830 F.2d 172 (11th Cir.1987); see also Hoover, 47 F.3d 845 (7th Cir.1994). I would do so in this instance.