Benon John TRAWINSKI; Irene
Monahan Trawinski,
Plaintiffs,

v.

UNITED TECHNOLOGIES CARRIER
CORPORATION; Weathertech Distributing Co., Inc.; Standard Heating
and Air Conditioning Co., Defendants.

No. CV 01–BU–2954–S.

United States District Court,
N.D. Alabama,
Southern Division.

May 9, 2002.

Benon John Trawinski, Irene Monahan
Trawinski, Birmingham, Pro se, for Plaintiffs.

Robert H. Sprain Jr., Esq., Sadler &
Sullivan, PC, Leslie A. Caldwell, Esq.,
Lusk & McAlister, PC, Jeffrey E. Friedman, Esq., Christopher J. Zulanas, Esq.,
Friedman, Leak & Bloom, Birmingham,
for Defendants.

## ORDER

BUTTRAM, District Judge.

This case is presently pending before
the Court on motions to dismiss filed by

Defendant United Technologies Carrier Corporation (Doc. 10); Defendant Standard Heating & Air Conditioning Co. (Doc. 12); and Defendant Weathertech Distributing Co. (Doc. 15). For the reasons set forth, the motions to dismiss (Docs. 10, 12, & 15) are hereby GRANTED; Plaintiffs' claims are DISMISSED WITH PREJUDICE.

Plaintiffs, who are proceeding pro se, have sued Defendants alleging various causes of action based on and arising from the sale and installation of a heating and cooling system in Plaintiff's home in June 1993. Plaintiffs have filed suit against these Defendants on two other occasions.

Plaintiffs first sued these Defendants in the Circuit Court of Jefferson County, Alabama, alleging state law causes of action based on fraud and breach of contract. *Trawinski v. Standard Heating & Air Conditioning Co.,* CV 97–06736–WJW. The Circuit Court of Jefferson County dismissed said case on the ground that Plaintiffs' claims were barred by the applicable statutes of limitations. *Id.,* Order of May 27, 1998. Apparently, this order was set aside and the case reinstated. *Id.,* Docket Sheet for CV 97–6736–WJW (indicating activity between Oct. 20, 2000 and Nov. 21, 2000). On November 21, 2000, Plaintiffs voluntarily dismissed their claims without prejudice. *Id.*

Plaintiffs filed a second complaint in this Court. In this second complaint, Plaintiffs "ask[ed] this Honorable Court to commence an independent action, in accordance with FRCP 60(b)(6) and Rule 60(b)(6) ARCP, based on the Amended Complaint of October 1997," which was the state court proceeding. *Trawinski v.*

*Standard Heating & Air Conditioning Co.,* CV 01–N–1373–S, Doc. 1, p. 2. Plaintiffs sought "reinstatement of all four counts against all three defendants [that] were dismissed by the May 27, 1998 Summary Judgment Order . . . ." *Id.,* p. 5. Jurisdiction was alleged to arise from the Fifth and Fourteenth Amendments of the United States Constitution. *Id.,* p. 1. The Court issued a show cause order, indicating that it lacked subject matter jurisdiction because Defendants were not state actors and the federal district court has no jurisdiction to review state court decisions. *Id.,* Doc. 2. In response to the show cause order, Plaintiffs' raised claims under the Energy Policy and Conservation Act [EPCA]. *Id.,* Doc. 3. After considering their response, the Court dismissed Plaintiffs' claims on the grounds that it lacked subject matter jurisdiction. *Id.,* Doc. 4. It held that Plaintiffs had failed to satisfy the prerequisites of a private cause of action under the Energy Policy Conservation Act, that Defendants were not state actors, and that the Plaintiffs' action was an improper attempt to obtain review of the state court decision. *Id.*

Thereafter Plaintiffs filed the instant action. The complaint in this case asserts two claims: (1) violations of the EPCA and (2) an unlawful conspiracy in violation of 42 U.S.C. § 1985(3). Defendants ask the Court to dismiss the instant action on the ground that Plaintiffs' claims are barred by the principles of res judicata and/or collateral estoppel, that their claims are time-barred, and that the Court lacks subject matter jurisdiction over the Plaintiffs' § 1985 conspiracy claim. The Court finds that Plaintiffs' claims are time-barred and that Plaintiffs cannot allege a violation of § 1985(c). Discussion of the application of the doctrine of res judicata and/or collateral estoppel is pretermitted.[1]

---

1. The Court notes that the record indicates that Plaintiffs' claims against Defendants

were dismissed by the state court on Plaintiffs' voluntary motion to dismiss and that

## A. STATUTE OF LIMITATIONS

Plaintiffs raise two general claims in their complaint: (1) violations of various provisions of the EPCA,[2] and (2) a conspiracy to violate their Constitutional rights in violation of 42 U.S.C. § 1985(c). These claims relate to representations made regarding a heating and cooling system installed in their home in June 1993.

The parties agree that the EPCA does not contain a statute of limitations. Defendants argue that this Court should apply Alabama's catch-all limitation for personal injury action, which is two years.[3] Plaintiffs object to the application of the Alabama two-year statute of limitations;[4] however, they do not offer a more analogous state or federal statute of limitations.

■ The United States Supreme Court has established that a state's statute of limitations applies in federal causes of action when Congress has not specifically provided one. *International Union, United Auto., Aerospace & Agr. Implement Workers of America (UAW), AFL–CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–04, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). "In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law." *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 161, 103 S.Ct. 2281, 2289, 76 L.Ed.2d 476 (1983). Therefore, "in some cases [the Court has] declined to borrow state statutes but have instead used timeliness rules drawn from federal law—either express limitations periods from related federal statutes, or such alternatives as laches." *Id.* at 162, 103 S.Ct. at 2289.

■ The Court agrees that the state statute of limitations for personal injury claims, Ala.Code § 6–2–38(*l*), is not the most appropriate limitations period for Plaintiff's EPCA claims. The Court notes that the remedy for a violation of EPCA is

---

such claims were dismissed without prejudice.

2. The EPCA provides:

It shall be unlawful—
(1) for any manufacturer or private labeler to distribute in commerce any new covered product to which a rule under section 6294 of this title applies, unless such covered product is labeled in accordance with such rule;
(2) for any manufacturer, distributor, retailer, or private labeler to remove from any new covered product or render illegible any label required to be provided with such product under a rule under section 6294 of this title;
(3) for any manufacturer to fail to permit access to, or copying of, records required to be supplied under this part, or fail to make reports or provide other information required to be supplied under this part;
(4) for any person to fail to comply with an applicable requirement of section 6296(a), (b)(2), (b)(3), or (b)(5) of this title; or

(5) for any manufacturer or private labeler to distribute in commerce any new covered product which is not in conformity with an applicable energy conservation standard established in or prescribed under this part 42 U.S.C. § 6302(a). Plaintiffs allege Defendants violated several sections of the EPCA, including 42 U.S.C. § 6292; § 6293(c)(1)(A)-(B); § 6294(c)(1),(4), (5); and § 6295(d)(1).

3. Ala.Code § 6–2–38(*l*) states: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

4. Plaintiffs appear to propose that no statute of limitations should apply in this case. However, every case has a point at which "the interests in favor of protecting valid claims are outweighed by the interest in prohibiting prosecution of stale ones." *Johnson v. Railway Express Agency*, 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). The issue is finding that point.

a civil penalty. *See* 42 U.S.C. § 6303(a). Therefore, the most appropriate statute of limitations in the case of citizen suit under the EPCA is a federal statute of limitations, 28 U.S.C. § 2462, which provides:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued ....

"Numerous courts have held that 28 U.S.C. § 2462 is the relevant federal statute of limitations to citizen actions under environmental statutes." *Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn. Terminals Inc.*, 913 F.2d 64, 74 (3d Cir.1990)(citing *Sierra Club v. Chevron U.S.A.*, 834 F.2d 1517, 1521 (9th Cir.1987)); *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991)

■ The Court finds that any violation of EPCA § 6302 occurred when the heating and air conditioning system was purchased and installed in June 1993. Also, the Court finds that the proper statute of limitations for violations of the EPCA is five years from the date when the claim first accrued. Plaintiffs filed this case on November 20, 2001, more than eight years after the alleged violations of the EPCA. Therefore, the Court finds that Plaintiffs' EPCA claims are time barred and due to be dismissed.[5]

## 2. Section 1985 Conspiracy

The law is well established that the two year statute of limitations provided by Ala. Code § 6–2–38(*l*) applies to section 1985 conspiracy claims. *See Hester v. International Union of Operating Engineers*, 878 F.2d 1309, 1310 (11th Cir.1989)(citing *In-*

*gram v. Steven Robert Corp.*, 547 F.2d 1260 (5th Cir.1977); *Dumas v. Mount Vernon*, 612 F.2d 974 (5th Cir.1980)), *cert. denied* 494 U.S. 1079, 110 S.Ct. 1808, 108 L.Ed.2d 939 (1990).

Therefore, the Court finds that Plaintiffs' § 1985(3) claims are time barred and due to be dismissed.

## B. SUBJECT MATTER JURISDICTION—SECTION 1985(3) CLAIM

The Court chooses to note an additional ground for dismissing Plaintiffs' § 1985(3) conspiracy claim. A § 1985(3) private conspiracy "for the purpose of depriving ... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," requires an intent to deprive persons of a right guaranteed by the Constitution against private impairment. Section 1985 "does not apply ... to private conspiracies that are 'aimed at a right that is by definition a right only against state interference,' but applies only to such conspiracies as are 'aimed at interfering with rights ... protected [by the Constitution] against private, as well as official, encroachment.'" *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993)(quoting *United Broth. of Carpenters & Joiners, Local 610, AFL–CIO v. Scott*, 463 U.S. 825, 833, 103 S.Ct. 3352, 3358, 77 L.Ed.2d 1049 (1983)). Such rights are limited; the Supreme Court has recognized only two rights protected by the Thirteenth Amendment to the United States Constitution against private encroachment: (1) the right to be free from involuntary servitude and (2) the right of interstate travel. *Id.* at 278, 113 S.Ct. at 764 (citing *United States v. Kozminski*,

---

**5.** The Court pretermits discussion of whether Plaintiffs satisfied the prerequisites for filing a citizen's action pursuant to § 6305 of the EPCA. However, the Court notes that Plain-

tiffs' complaint states that "[a]ll conditions precedent have been performed or have occurred as required by 42 U.S.C. § 6305(b)." Doc. 1, ¶ 12.

487 U.S. 931, 942, 108 S.Ct. 2751, 2759, 101 L.Ed.2d 788 (1988); *United States v. Guest,* 383 U.S. 745, 759 n. 17, 86 S.Ct. 1170, 1179 n. 17, 16 L.Ed.2d 239 (1966)).

■ Plaintiffs contend that Defendants "conspired purposefully to deprive us of our rights under the law to have equipment in compliance with the law and not to endure undue suffering." Doc. 1, ¶ 5. The Court finds no support for Plaintiffs' assertion that such a right is protected by the Constitution from private interference. Therefore, Plaintiffs do not have a claim pursuant to 42 U.S.C. § 1985. Such claims are due to be dismissed.

### CONCLUSION

Based on the foregoing, Defendants' motions to dismiss (Docs.10, 12, 15) are GRANTED. The Court's decision goes to the merits of Plaintiffs' claims.[6] Therefore, Plaintiffs' claims are DISMISSED WITH PREJUDICE.

---

**6.** *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.) ("A ruling based on the statute of limitations is a decision on the merits for res judicata purposes."), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972), *cited in Hall v. Burger King Corp.,* 912 F.Supp. 1509, 1527 (S.D.Fla.1995)(The interpretation ... urged by plaintiffs herein—that a dismissal on statute of limitations grounds by a federal court is not a dismissal on the merits—is plainly erroneous. Indeed, such an interpretation would be contrary to Rule 41(b) of the Federal Rules of Civil Procedure, which establishes that a dismissal based on statutes of limitations grounds is a dismissal on the merits, as well as the decisions of the Supreme Court of the United States, the Fifth Circuit, and every other circuit which has addressed this issue.)(footnotes and citations omitted).