[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09 2008
THOMAS K. KAHN
CLERK

No. 07-10979
Non-Argument Calendar

_____

D. C. Docket No. 05-22238-CV-CMA

DOUGLAS W. SHIVERS,

                                              Plaintiff-Appellant,

versus

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL UNION 349,
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS
(IBEW),
J. J. BARRY,
MELVIN W. HORTON,
EDWIN D. HILL, et al.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 9, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Douglas W. Shivers, proceeding pro se, appeals the grant of summary judgment in favor of the International Brotherhood of Electrical Workers and seventeen of its current and former officers and in favor of the International Brotherhood of Electrical Workers Local Union 349 and eighteen of its officers and members. Shivers also appeals the denial of his motion to amend the scheduling order so that he could amend his complaint, see Fed. R. Civ. P. 16(b) and the denial of his motions for relief from judgment, see Fed. R. Civ. P. 60(b). Shivers's complaint alleged that the defendants violated his rights under the Labor-Management Reporting and Disclosure Act, see 29 U.S.C. §§ 411, 501, 529, breached their obligations under the constitution of the Brotherhood of Electrical Workers, and intentionally inflicted emotional distress on Shivers. Shivers also accused two defendants from Local 349 of assault and battery. The district court sua sponte granted summary judgment against Shivers's complaint. We affirm.

## I.  BACKGROUND

Shivers, a former member of Local 349, worked as an electrician from the early 1970s until the late 1990s. By early 1999, he was disabled and could no longer work. He last sought work through the hiring hall of Local 349 in April 1999.

In January 2000, Shivers and Martin Chew, president of Local 349, had a physical altercation. The constitution of the Brotherhood of Electrical Workers

2

designates certain conduct as offenses against the union and establishes procedures for charging members with violations, adjudicating those charges, and presenting appeals to the Brotherhood of Electrical Workers. After the altercation, Chew charged Shivers with violating the constitution. A local union trial board heard the charges on February 15, 2000, found Shivers guilty, and expelled him from membership.

Shivers appealed his conviction and expulsion to International Vice President Melvin Horton who assigned a member of his staff, International Representative Gerry Counihan, to investigate. Counihan met with Shivers to discuss the basis for his appeal and prepared a report. Horton reviewed the file and Counihan's report and, in a decision dated August 16, 2000, found that the trial board had acted properly and satisfied "every reasonable request made by" Shivers, and the evidence was "clear and convincing that [Shivers was] the aggressor." The constitution provided that, "When a decision has been rendered by the I[nternational] V[ice] P[resident] it shall become effective immediately." Shivers contends that the Horton's decision was not mailed to him until October 10, 2000.

The constitution required aggrieved parties to appeal the decision of the International Vice President within 30 days from the date the decision was rendered, or the decision "shall be considered final." Shivers attempted to appeal Horton's decision to International President J.J. Barry on November 6, 2000.

3

Barry denied the appeal as untimely. In reporting his decision to Shivers, Barry stated that due to the seriousness of the matter, he had nonetheless reviewed the file and agreed with Horton's determination. Shivers then attempted to appeal to the International Executive Council. The International Executive Council informed Shivers that, because his appeal to Barry was untimely, Shivers had forfeited his appeal.

In September 2001, Shivers traveled to San Francisco, California, to raise issues before the International Brotherhood of Electrical Workers Convention. Because Shivers was no longer a union member, he was not permitted to place his matters before the convention.

In August or September 2004, Shivers commenced a lawsuit against his former union in state court. The case was removed to federal court. After Shivers failed to respond to motions to dismiss based on lack of personal jurisdiction and failure to state a claim, the district court dismissed the complaint without prejudice.

Shivers commenced the present lawsuit on August 15, 2005. Shivers moved the district court to re-open the 2004 case and consider his 2005 complaint a first amended complaint. The district court denied the motion. The Local 349 defendants filed a motion to dismiss, signed by attorney Alan Eichenbaum. In Shivers's opposition to the motion, he averred that Eichenbaum represented and was paid by Shivers from 1981 to 1985 and labored under a conflict of interest.

4

Shivers repeated the allegation of a conflict of interest by Eichenbaum in Shivers's opposition to a motion for admission pro hac vice for a different attorney.

The district court issued a scheduling order on November 30, 2005. The order required that motions to amend the pleadings be filed by March 14, 2006, and all pre-trial motions be filed by August 20, 2006. On the deadline for filing amended pleadings, Shivers moved to amend the scheduling order. Shivers requested that the time to file amended pleadings be extended to 30 days after the resolution by the district court of the pending motion to dismiss. The district court refused to amend the scheduling order. Shivers moved the court to reconsider and attached his proposed amended complaint. That motion was denied.

In April 2006, Shivers moved for summary judgment. The defendants moved for summary judgment on August 26, 2006, after the deadline in the scheduling order, and the district court denied the motions of the defendants as untimely. The district court referred Shivers's motion for summary judgment to a magistrate judge.

The magistrate judge recommended that the district court deny Shivers's motion for summary judgment and sua sponte grant judgment in favor of the defendants. The district court issued notice that it was considering the report of the magistrate judge and ordered that any objections be filed within 14 days. Shivers filed objections to the report and recommendation and the defendants filed a

5

response to Shivers's objections.

On December 4, 2006, the district court adopted and affirmed the report and recommendation of the magistrate judge and dismissed Shivers's claims because they were either time-barred or failed to state a claim on which relief could be granted, or the court lacked personal jurisdiction over the defendants. That same day, Shivers filed a motion for an extension of time to reply to the defendants' responses to Shivers's objections to the report and recommendation of the magistrate judge. The district court denied the motion.

Shivers moved to reopen the case and asked for an extension of time to move for reconsideration and clarification, or alternatively to appeal. Shivers requested that the court reopen the case "to hear the conflict of interest complaints against the attorneys" and because the court had "greatly misquoted, and then ignored the IBEW Constituion contrary to the case law." Shivers argued that his medical condition necessitated that he be allowed additional time "to properly address . . . business [of the court]" and asked for a hearing on his motion. The district court construed the motion as a motion for relief from judgment, see Fed. R. Civ. P. 60(b), and denied the motion for relief from judgment, but granted Shivers additional time to file a notice of appeal, see Fed. R. App. P. 4(a)(5). Among other things, the district court stated that the conflict issue was "novel" and should have been raised earlier.

Shivers filed a second motion to reopen the case and for relief from the final judgment. Shivers argued that because of his medical condition he should have been allowed an extension of time to move for reconsideration. Shivers again argued that counsel for the defendants had a conflict-of-interest, his claims were not time-barred, and he should have been allowed to amend his complaint to add allegations of fraud. The district court denied the motion.

## II. STANDARDS OF REVIEW

Several standards of review govern this appeal. We review for clear error the findings of fact of a district court that underlie its decision regarding whether to disqualify counsel for a conflict of interest and carefully examine de novo the application by the district court of ethical standards. Bayshore Ford Truck Sales, Inc. v. Ford Motor Co., 380 F.3d 1331, 1338 (11th Cir. 2004). We review de novo the grant of summary judgment by a district court, Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc., 480 F.3d 1254, 1258 (11th Cir. 2007), and the application of a statute of limitations. Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999). We review for abuse of discretion the decision of a district court regarding whether to enlarge the timeline set by an order for the performance of some action, Grilli v. Metro Life Ins. Co., 78 F.3d 1533, 1538 (11th Cir. 1996), amended on other grounds by 92 F.3d 1074 (11th Cir. 1996), the denial of a motion for relief from judgment, Cox Nuclear Pharm., Inc. v. CTI, Inc., 478 F.3d

7

1303, 1314 (11th Cir. 2007), and the denial of a motion to reconsider, <u>Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.</u>, 225 F.3d 1208, 1216 (11th Cir. 2000).

### III. DISCUSSION

Shivers presents several arguments on appeal. First, he argues that the district court abused its discretion when it refused to extend the time allowed in the scheduling order to file an amended complaint. Second, Shivers argues that the district court erred when it refused to consider Shivers's charges of a conflict of interest by an attorney for Local 349 and the Brotherhood of Electrical Workers. Third, Shivers argues that the district court erred when it <u>sua sponte</u> granted summary judgment in favor of the defendants. Shivers challenges both the <u>sua sponte</u> nature of the judgment as well as the merits of the decision of the district court. Finally, Shivers challenges the denial by the district court of his motion for relief from judgment. We address each argument in turn and affirm.

### A. Extension of Time To File Amended Complaint

Shivers argues that the district court abused its discretion when it denied Shivers's motion to extend the time in which he could file an amended complaint. Shivers contends that the untimely amended complaint should have been allowed because it responded to the summary judgment motions of Local 349 and the Brotherhood of Electrical Workers and Shivers wanted to know the ruling of the

8

district court on the statute of limitations before Shivers decided whether to amend his complaint. Shivers's arguments fail.

The decision of a district court "to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). "Where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." Smith v. Sch. Bd. of Orange County, 487 F.3d 1361, 1366 (11th Cir. 2007); see also Fed. R. Civ. P. 16(b). The district court did not abuse its discretion when it concluded that Shivers had failed to show good cause why the time to amend his complaint should be extended and refused to allow him to amend the complaint.

*B. Conflict of Interest Charges*

Shivers argues that the district court erred when it refused to consider Shivers's charges of a conflict of interest against attorney Eichenbaum. We disagree. Although the district court erred when it stated that Shivers had failed to raise the issue of a conflict of interest, we affirm because no conflict of interest existed. See Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 (11th Cir. 2002).

To disqualify an opposing attorney a party must establish that "it once enjoyed an attorney-client relationship with the opposing lawyer" and "'the matters

9

embraced within the pending suit are <u>substantially related</u> to the matters or cause of action wherein the attorney previously represented it.'" <u>Cox v. American Cast Iron Pipe Co.</u>, 847 F.2d 725, 728 (11th Cir. 1988) (quoting <u>Duncan v. Merrill Lynch, Pierce, Fenner & Smith</u>, 646 F.2d 1020, 1027 (5th Cir. Unit B 1981)). Although Shivers presented evidence that Eichenbaum represented him in a suit against a school board from 1981 to 1985, that suit was unrelated to the instant litigation. Eichenbaum's more recent union-related legal activity, which was on behalf of the union and <u>against</u> Shivers, did not create a conflict of interest. Because Shivers failed to establish a conflict of interest, we affirm.

### C. *Sua Sponte* *Nature of Summary Judgment*

Shivers argues that because the district court had previously denied as untimely the motions for summary judgment of the defendants, the district court erred when it <u>sua sponte</u> granted summary judgment for the defendants. A district court may grant summary judgment <u>sua sponte</u> if it provides the parties with adequate notice. <u>CTI, Inc.</u>, 478 F.3d at 1309. The district court provided notice to Shivers that it was considering a <u>sua sponte</u> grant of judgment against him and waited over a month before it granted the summary judgment. Shivers filed an objection to entry of summary judgment during that time. The district court did not err.

### D. *Merits of Summary Judgment Order*

The district court entered summary judgment against Shivers on each of his claims against the defendants. The district court concluded that each claim was either time-barred by the relevant statute of limitations or failed to state a claim for which relief could be granted. The district court also concluded that it lacked personal jurisdiction over many of the individual defendants. Because each of Shivers's claims fails on other grounds, we need not address Shivers's argument that the district court erred when it determined that it lacked personal jurisdiction over certain individual defendants.

### 1. Count I: Violation of Section 101 of LMRDA

The determination of the district court that Shivers's claims that the defendants violated Shivers's rights under the "bill of rights" of section 101 of the Labor-Management Reporting and Disclosure Act, see 29 U.S.C. § 411, were time-barred was correct. The statute of limitations for causes of action arising under the "bill of rights" is determined by reference to the state general or residual personal injury statute of limitations, see Hester v. Int'l Union of Operating Engrs., 878 F.2d 1309, 1310 (11th Cir. 1989), which under Florida law is four years, see Fla. Stat. § 95.11(3). Whether the limitations period is tolled is also governed by state law. Scott v. Muscogee County, 949 F.2d 1122, 1123 (11th Cir. 1992). The statute runs from when the plaintiff "knew or should have known of the Union's 'final action,' i.e. the point where the grievance procedure was exhausted or

11

otherwise broke down." Hester, 878 F.2d at 1310 (applying Proudfoot v. Seafarer's Int'l Union, 779 F.2d 1558 (11th Cir. 1986), to claims under section 411).

Shivers disputes what date should apply as the date he commenced his causes of action. Shivers filed the present lawsuit on August 15, 2005, but argues that, for purposes of the statute of limitations, this filing should relate back to a 2004 lawsuit filed by Shivers that concerned substantially similar subject matter and was dismissed without prejudice. Shivers's argument fails. Although the present lawsuit involved claims similar to those presented in the 2004 lawsuit, it is distinct and separate from the 2004 action. The 2004 action was dismissed without prejudice and did not toll the statute of limitations. See Attache Resort Motel, Ltd. v. Kaplan, 498 So. 2d 501, 503–04 (Fla. 3d App. 1986). None of the tolling provisions apply to Shivers's action. See Fla. Stat. § 95.051.

The final union action, or "point where the grievance procedure was exhausted or otherwise broke down," Hester, 878 F.2d at 1310, occurred when Horton denied Shivers's appeal from his expulsion and 30 days ran with no appeal to the International President. The constitution of the International Brotherhood of Electrical Workers provided that the decision of an international vice-president, such as Horton, was effective immediately and "shall be considered final" if no appeal is made within 30 days from the date such decision is rendered. Although

Horton's decision was signed August 16, 2000, Shivers asserts that the decision was not mailed to him until October 10, 2000. Shivers, thus, learned of the final union action no later than October 2000. Because Shivers did not commence his lawsuit until August 15, 2005, his claim for violations of the "bill of rights" is barred by the four-year statute of limitations.

2. Count II: Retaliation for Exercising Rights Under Section 101 of LMRDA

In Count II, Shivers alleged that the union defendants retaliated against him for exercising his rights under section 101, in violation of section 609 of the Labor-Management Reporting and Disclosure Act. See 29 U.S.C. § 529. Although we have not previously addressed the statute of limitations for claims arising under section 609 of the LMRDA, for the same reasons that we look to state law for the statute of limitations for claims arising under section 101, we also look to state law for the limitations period for claims of retaliation under section 609 for exercising the rights granted in section 101. See Hester, 878 F.2d at 1310. The applicable statute of limitations under Florida law is four years. See Fla. Stat. § 95.11. Because Shivers's complaints of retaliation are either barred by the statute of limitations or fail to state a claim upon which relief can be granted, the district court did not err when it granted summary judgment against Shivers.

Shivers's complaint alleged that the expulsion, assault and battery, and summary rejection of Shivers's various charges by the defendants constituted

13

retaliation for the exercise by Shivers of his rights under section 101 of the LMRDA. The expulsion, alleged assault and battery, and rejection by Horton and the Brotherhood of Electrical Workers of Shivers's appeal of his expulsion all occurred more than four years before Shivers commenced this action. Shivers's complaint about those actions is barred by the statute of limitations.

To the extent that Shivers alleges that the defendants retaliated against him by refusing to allow Shivers to present his grievance and appeal before the convention of the Brotherhood of Electrical Workers in September 2001, that allegation is not time-barred, but fails to state a claim upon which relief can be granted. Section 609 of the LMRDA provides that it is unlawful "to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under [Section 101 of the LMRDA]." 29 U.S.C. § 529. The Supreme Court has explained that "otherwise discipline" does not "include all acts that deterred the exercise of rights protected under the LMRDA, but rather meant instead to denote only punishment authorized by the union as a collective entity to enforce its rules." Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6, 493 U.S. 67, 91, 110 S. Ct. 424, 438–39 (1989). The act of barring Shivers, a nonmember, from the convention of the Brotherhood of Electrical Workers was not an act of "discipline." As to that issue, the district court did not err when it concluded that Shivers failed to state a claim upon which relief could be granted.

14

### 3. Breach of Contract and Breach of Fiduciary Duty

In Count III, Shivers alleged breach of contract and breach of fiduciary duties by the defendants. The district court granted summary judgment to the defendants on both claims. Under Florida law, the statute of limitations for breach of a written contract is five years. Fla. Stat. § 95.11(2). Because Shivers's complaint of breach of contract is either time-barred or fails to state a claim upon which relief can be granted, the district did not err when it granted summary judgment to the defendants on that claim. Although Shivers cites in a footnote of his reply brief the section of the Labor-Management Reporting and Disclosure Act that outlines the fiduciary duties of officers of labor organizations, see 29 U.S.C. § 501, nowhere in either brief does Shivers contest the summary judgment entered against his claim of a breach of fiduciary duty and, therefore, that claim is abandoned. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

Shivers's complaint alleged that the defendants breached the constitution of the International Brotherhood of Electrical Workers in four ways. First, Shivers alleged that the defendants prevented him from obtaining work to which he was entitled. Second, Shivers alleged that, before his expulsion, the defendants breached their agreement to investigate charges initiated by Shivers against union officers. Third, Shivers alleged that the manner in which the union charged, tried,

and expelled him breached the constitution. Fourth, Shivers alleged that the defendants breached the constitution when they arbitrarily and in bad faith rejected Shivers's charges, grievances, and appeals. Shivers was expelled from the union in February 2000, and all of the conduct of which Shivers complains, other than the conduct relating to the appeal of his expulsion, had occurred before that time. Because Shivers's complaint was filed more than five years later, his allegations of breach of contract that relate to conduct other than his appeal are barred by the five-year statute of limitations.

Shivers's breach of contract allegations that relate to the treatment of his appeal fail to state a claim upon which relief can be granted. Shivers complained that the defendants breached the union constitution when they arbitrarily and in bad faith rejected his appeal. To the extent Shivers complained about Horton's rejection of Shivers's appeal from his expulsion by Local 349, Shivers failed to present sufficient evidence to support a finding that Horton's decision was arbitrary or in bad faith. The record reflects that Horton reviewed the file and the report of representative Counihan before he affirmed the decision to expel Shivers, and Shivers presented no evidence that the decision was made in bad faith. Similarly, there is no evidence in the record that the denial of Shivers's appeal from Horton's decision as untimely was arbitrary or in bad faith. To the extent Shivers's complaint of breach of contract referred to the denial by the Brotherhood

16

of Electrical Workers of Shivers's request to present his grievance before the International Conference, the denial by the Brotherhood of Electrical Workers based on Shivers's status as a nonmember was not arbitrary or in bad faith. We affirm the summary judgment in favor of the Brotherhood of Electrical Workers and Local 349 on Shivers's breach of contract claims.

### 4. Claims of Assault and Battery and Intentional Infliction of Emotional Distress

The district court did not err when it entered summary judgment against Shivers on his claims of assault and battery and intentional infliction of emotional distress. Under Florida law, the statute of limitations for intentional torts is four years. See Fla. Stat. § 95.11(3). Because the alleged assault and battery by Chew and Boone occurred more than four years before Shivers commenced his complaint on August 15, 2005, Shivers's claim was barred by the statute of limitations. Shivers does not contest the conclusion of the district court that Shivers's allegations of intentional infliction of emotional distress failed to state a claim upon which relief could be granted.

### E. Motions for Relief from Judgment

Shivers argues that the district court abused its discretion when it denied Shivers's motions for relief from judgment, see Fed. R. Civ. P. 60(b), and to reconsider its final judgment. Shivers argues that he was entitled to more time to

work on the case because of his medical condition and because his property suffered hurricane damage in the fall of 2005. Shivers also argues for relief from judgment because of the "mistake" of the district court in determining the date of the final action of the union, from which the statute of limitations started to run. None of the arguments presented by Shivers support relief from the judgment, and the district court did not abuse its discretion when it denied the motions.

## V.  CONCLUSION

The summary judgment is

**AFFIRMED.**